The Honorable Bill Gwatney State Senator P.O. Box 156 Jacksonville, Arkansas 72076-0156
Dear Senator Gwatney:
This official Attorney General opinion is rendered in response to a question you have raised concerning the disclosability of law enforcement investigative files under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through 107). More specifically, you have asked:
 Under the Freedom of Information Act, is it appropriate to release information from an ongoing criminal investigative file when the entire file and all information have been turned over to an adjoining law enforcement agency, and that agency is conducting the ongoing criminal investigation?
It is my opinion, as explained more fully below, that records containing the information you describe should not be released.
You indicate that your question arises out of a situation in which the Jacksonville Police Department responded to a 911 call, and later determined that the matter, being outside the Jacksonville city limits, should be under the jurisdiction of the Pulaski County Sheriff's office. The Jacksonville Police Department then turned its initial investigative files over to the Sheriff's Department. The Jacksonville Police Department was later presented with a request, made under the FOIA, for its files regarding the matter.
Although it is clear that police investigative files are "public records" within the meaning of the FOIA, see A.C.A. § 25-19-103(1); Martin v.Musteen, 303 Ark. 656, 799 S.w.2d 540 (1990), such files can be subject to the following exemption from disclosure, stated in the FOIA:
25-19-105. Examination and copying of public records.
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (6) Undisclosed investigations by law enforcement agencies of suspected criminal activity;
A.C.A. § 255-19-105(b)(6).
The Arkansas Supreme Court has interpreted the term "undisclosed investigations by law enforcement agencies" to encompass investigations which are "ongoing," see Johninson v. Stodola, 316 Ark. 423,872 S.W.2d 374 (1994); Martin v. Musteen, supra, as opposed to those which have been "completed," such as the investigation that was at issue inMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989). In Martin v. Musteen, supra, the court explicitly recognized the protectability of records of police investigations that are "continuing and sensitive" in nature. Id. at 660.
The court has never interpreted the term "investigations," as used in this FOIA exemption, to be confined to the activities of each separate law enforcement agency. In this regard, I find it compelling that theMartin court appeared to be particularly influenced by the fact that the investigation in question in that case was "part of a larger investigation" that would "continue for some time before the police stop[ped] the active investigation." Id. at 657. The court has explained the purpose behind the law enforcement exemption as follows:
 The need for subsection (b)(6), the basic exemption, is obvious; for example, disclosure of such records would hamper the police in investigating a crime before formal charges had been filed and could be detrimental to persons under investigation but subsequently exonerated of all wrongdoing.
Johninson v. Stodola, 316 Ark. 423, 426, 872 S.W.2d 374(1994), quoting J. Watkins, Arkansas Freedom of Information Act at 86 (2d ed. 1994). To allow one agency to release records that are exempt from release by another agency would defeat the purpose of the exemption. For this reason, I conclude that an investigation is not "completed" simply because it is transferred from one agency to another. This conclusion is consistent with my previous statement in Attorney General Opinion No.92-237 that "as long as the investigation is ongoing, whether pursued by the [Arkansas State Police] or by another assisting law enforcement agency, any records that are part of that investigation will, in my opinion, generally be exempt from disclosure under the FOIA." Id.
It should be noted that the question of whether a particular investigation is "ongoing" is a question of fact that must be decided on a case-by-case basis. Op. Att'y Gen. No. 93-156. This determination may entail an in camera review by the court deciding the case. See Johninsonv. Stodola, supra. If it is factually determined that the investigation about which you have inquired is "ongoing," the records of that investigation should not be released until the investigation is completed.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It is my understanding that the Pulaski County Sheriff's Department has released its general report on the incident in question. Presumably, the disclosability of that record is not at issue. Moreover, its release does not constitute a waiver of the exemption as applicable to other, more specific records. Public Citizen v. Department of State, 11 F.3d 198
(D.C. Cir. 1993); Mehl v. U.S.E.P.A., 797 F.Supp. 43 (D.D.C. 1992).